UNITED STATES of America, Appellee,

v.

Michael SERRA, Defendant-Appellant.

No. 394, Docket 26579.

United States Court of Appeals
Second Circuit.

Argued May 26, 1961.
Decided June 20, 1961.

---

Jerome E. Caplan, of Rogin, Nassau, Caplan & Lassman, Hartford, Conn. (Arthur M. Nassau, of Rogin, Nassau, Caplan & Lassman, Hartford, Conn., on the brief), for defendant-appellant.

Harry W. Hultgren, Jr., U. S. Atty., D. Conn., Hartford, Conn., for appellee.

Before CLARK and WATERMAN, Circuit Judges, and ANDERSON, District Judge.

PER CURIAM.

The defendant-appellant here was convicted under the Dyer Act, 18 U.S.C. § 2312, for having driven from Connecticut to Florida in an automobile formerly owned by him, but repossessed by a finance company, the assignee of his conditional vendor. Here proof of criminal knowledge and intent was crucial. But there was ample evidence to convict, including defendant's specific notice of the repossession, his knowledge that the car

had been repaired from its smashed-up condition in his hands, his attempts to repurchase or "redeem" it, and so on. And the issue was carefully formulated for the jury in the court's meticulous charge.

The defendant also makes an attack on the conditional vendor's title, claiming that the sale was made on a Sunday and that blanks in the contract were not properly filled—all in violation of Connecticut state law. But the prosecution claimed and presented evidence supporting the conclusion that the contract was completed, but not until the next day, Monday; and again the judge carefully presented the issue to the jury. Its verdict of guilt makes unnecessary consideration of the question whether defendant could thus attack the transfer he himself had made and acted upon, particularly where there had been a later transfer to a third party.

We are indebted to assigned counsel for their able representation of the accused.

Conviction affirmed.